WALTER B. THOMPSON ET AL., RELATORS, v. EDWARD L. BADER, MAYOR, ETC., ET AL., RESPONDENTS.

Argued October 7, 1924—Decided March 12, 1925.

1. An act that contains more than one object is not unconstitutional so long as the several objects have a proper relation to each other.

2. Chapter 145 of the laws of 1924 (*Pamph. L., p.* 319), entitled "An act respecting cities of the fourth class and providing for the nomination and election of commissioners elected therein," must be read in conjunction with other statutes in *pari materia,* and so read, the title is not invalid as not expressing the object of the act.

3. Classification on cities on the basis of population in statutes relating to the structure, machinery and powers of municipal government is legitimate. where the population bears a reasonable relation to the necessities and proprieties of the various grades of municipal government, and such classification will prevail unless it be plainly illusory or is illusively applied.

---

On rule to show cause why a writ of *quo warranto* should not be allowed.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relators, *Cole & Cole* (*Clarence L. Cole*, of counsel).

For the respondents, W. *Frank Sooy,* *Joseph B. Perskie* and *Robert H. McCarter.*

The opinion of the court was delivered by

KALISCH, J.　Atlantic City was organized and operated under an act termed the "Walsh act," since the 14th day of May, 1912, at which time the city adopted commission form of government.　The act came into existence in 1911 under the title "An act relating to regulating and providing for the government of cities, towns, boroughs and other municipalities within this state." *Pamph. L.* 1911, *ch.* 221, *p.* 462.　In 1912 the title of the act was amended so as to read : "An act relating to regulating and providing for the government of cities, towns, townships, boroughs, villages and municipalities governed by boards of commissioners or improvement commissions in this state." *Pamph. L.* 1912, § 1, *p.* 644.　By section 3 of the act it is provided that every city having by the last preceding state or national census ten thousand population or more shall be governed by a board of commissioners consisting of five commissioners, and cities having less than ten thousand population by a board of commissioners consisting of three commissioners, &c.

In 1924, under the title "An act respecting 'cities of the fourth class,' and providing for the nomination and election of commissioners elected therein" (*Pamph. L.* 1924, *ch.* 145, *p.* 319), it is provided : "Hereafter in every 'city of the fourth class' [Atlantic City is a city of the fourth class] in this state there shall be held an election of five commissioners required to be elected therein.　Such election shall be conducted by the election officers, selected as in this act provided, and such election shall be held in the same places, and conducted in the same manner as far as possible, and the polls

shall be open and shall close at the same hours, as is now provided by the General Election law of this state."

The statute then proceeds to provide a complete scheme for the nomination and election of the commissioners, the transferring to and conferring upon the commissioners elected under the statute all the powers theretofore exercised by the commission, under the prior legislative acts pertaining to commission form of government, and provides such additional municipal machinery which the legislature deemed to be necessary to make workable and carry into effect the changes wrought by the provisions of the act.

It was by virtue of the provisions of this later statute that the nomination and election of the present commission, forming the commission government of Atlantic City, were elected.

The constitutionality of the act is challenged by the relators, who are qualified electors and taxpayers in Atlantic City.

The first ground of attack directed against the constitutionality of the statute, stated in the brief of relators' counsel, is that the act contains more than one object. Conceding this to be so, it does not, in itself, render the act unconstitutional. There is no constitutional inhibition against the inclusion of several objects in an act, so long as they have a proper relation to each other.

The next ground called in aid of the first is, that the object of the act is not expressed in its title.

The title of the act is, "An act respecting cities of the fourth class, and providing for the nomination and election of commissioners elected therein."

We are unable to distinguish in principle the declaration made by Chief Justice Beasley *In re Haynes,* 54 *N. J. L.* 6, where a like attack was made upon the title of an act entitled "An act concerning cities of the first class in this state, and constituting municipal boards of street and water commissioners and defining the powers and duties of such municipal boards, and relating to the municipal affairs and departments of such cities placed under the control and

management of such boards, and providing for the mainte-
nance of the same."

At page 23, of the case cited, the learned Chief Justice,
said: "It was insisted that this title is insufficient, as it does
not fulfill the constitutional requirement 'that every law
shall embrace one object and that shall be expressed in the
title.' That this proposition is not sustainable seems to me
will be at once apparent to every unprepossessed mind. The
entire object of the act is the constitution of municipal
boards of street and water commissioners in cities of the
first class, and this title, in express terms, says that such is
the legislative purpose. The superadditions following this
plain declaration of the statutory object, as that it is an act
'defining the powers and duties' of such boards, and relating
to affairs and departments placed under their control, the
worst that can be said of these is that they are unnecessary.
They may be, and probably are, *redundancies,* for if boards
of the kind specified are to be erected, necessarily the power
of such boards must be defined, and the law must relate to
the affairs entrusted to their management. But by the
presence of such superfluities the plain expression of the
object of the act is not in anywise perplexed, as such super-
fluities harmonize in all things with such expression."

The gist of the criticism of counsel for relators upon the
challenged act is that it is neither an amendment of the
"Walsh act" nor a supplement thereto, but an independent
act. But this can in no measure affect its legal operation.
The statute must be read in conjunction with other statutes
in *pari materia.* The object is tersely and clearly stated in
its title, and that object and the machinery provided for
carrying it into effect are clearly expressed and set forth in
the body of the act.

But, it is further insisted that the more glaring constitu-
tional invasion manifested by the statute is that it is highly
special and regulates the internal affairs of cities, in that, by
its title, it applies to cities of the fourth class, which includes
all cities bordering on the Atlantic ocean, and excludes all
other municipalities.

To sustain the attack made, counsel for relators argues that the classification is illusory and arbitrary. This assertion seems to be based upon the fact that it so happens that all cities of the fourth class border on the Atlantic ocean. How such a situation operates, in law or in fact, to make the classification illusory and arbitrary, fails of logical and convincing demonstration.

The law is too firmly settled in this state in regard to this class of legislation to warrant any further discussion other than to refer to a controlling case.

In *Wanser* v. *Hoos,* 60 *N. J. L.* 482, the Court of Errors and Appeals laid down the following legal rules governing legislation like that under review in the instant case: "A classification on the basis of population in statutes relating to the structure, machinery and powers of municipal government is legitimate where population bears a reasonable relation to the necessities and proprieties of the various grades of municipal government and classification in such cases being committed to the judgment of the legislature, the legislative judgment will prevail unless the classification be plainly illusory or applied illusively." See *McDonald* v. *Board of Chosen Freeholders,* 98 *Id.* 386; 99 *Id.* 170.

We have considered the merits involved on this rule to show cause, in order to dissipate the aspersion of unconstitutionality of the statute, rather than to deny the writ, by a dismissal of the rule, upon the technical grounds urged by counsel on behalf of the respondents, to the effect that the relators were not in a position to invoke the exercise of the court's discretion.

We think the ends of justice will be served more beneficially and efficiently in dealing, at once, with the impugned statute, than to permit it, by delay, not only to hibernate, but to incubate future trouble, loss and litigation to the municipality.

The rule to show cause is discharged, with costs.